IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Alan Dale Chronister,       )       C. A. No. 2:08-3194-HMH-RSC
#287815,                    )
                            )
            Petitioner,     )
                            )
        -versus-            )       **REPORT AND RECOMMENDATION**
                            )
State of South Carolina; and )
Warden, McCormick Correctional)
Institution,                )
                            )
            Respondents.    )

This habeas corpus petition under 28 U.S.C. § 2254 brought
by a state prisoner proceeding pro se and in forma pauperis is
before the undersigned United States Magistrate Judge for a
report and recommendation on the respondents' motion for summary
judgment filed on February 11, 2009.  28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The Petitioner, Alan Dale Chronister, is presently confined
at the McCormick Correctional Institution in the South Carolina
Department of Corrections pursuant to orders of commitment of the
Lexington County Clerk of Court.  Petitioner was indicted at the
April 2001 term of the Lexington County Grand Jury for two counts
of armed robbery (2001-GS-32-1476 & 1478) one of which involved
the robbery of a bank.  He was also indicted for one count of
possession of a firearm during the commission of a violent crime
(2001-GS-1477).  He was represented on the charges by James M.
Rochelle, III, Esquire.  On July 24, 2002, Petitioner pled guilty

as indicted under <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970).

In exchange for Petitioner's guilty pleas, the State agreed not

to seek life without the possibility of parole (LWOP) against

Petitioner and to drop three kidnaping charges that arose out of

the bank robbery indictment.  The State also agreed to drop

another possession of a weapon during a violent crime charge.  On

October 9, 2002, Petitioner was sentenced by the Honorable Marc

C. Westbrook, Circuit Court Judge, to concurrent imprisonment

terms of twenty (20) years for each count of armed robbery and

five (5) years for the weapons charge.[1]  No objection was raised

at Petitioner's guilty plea or sentencing by counsel or by

Petitioner.

    A timely Notice of Appeal was filed on Petitioner's behalf

by Robert M. Pachak.  Pachak made a single argument: "Applicant's

guilty pleas failed to comply with the mandates set forth in

<u>Boykin v. Alabama</u>."  Petitioner filed a <u>pro se</u> brief as well

which posited the following questions:

> (1) Whether Appellant was denied his Federal
> Constitutional rights guaranteed by the Fourteenth
> Amendment under the due process and equal
> protection clauses, therein, when Court did not

---

[1] Sentencing was delayed because the victims were not
present the day of the entry of the guilty pleas.  Another
sentencing hearing occurred on September 18, 2002, however,
Petitioner was admittedly under the influence of some medications
he received at the hospital.  Therefore, Judge Westbrook placed
Petitioner in custody and asked the Solicitor to reschedule the
sentencing for a later date when Petitioner was not under the
influence of medication.

comply with Rule 11 of the Federal Rules of Criminal Procedure, and the mandates set forth by the United States Supreme Court in <u>Boykin v. Alabama</u>, <u>McCarthy v. U.S.</u>, and by the South Carolina Supreme Court in <u>Pittman v. State</u>, by not informing Appellant of the nature and elements of the charges against him personally in open court.

(2) Whether Appellant was denied his Federal Constitutional rights guaranteed by the Fourteenth Amendment under the due process and equal protection clauses, therein, when Court did not comply with Rule 11 of the Federal Rules of Criminal Procedure, and the mandated set forth by the United States Supreme Court in <u>Boykin v. Alabama</u>, <u>McCarthy v. U.S.</u>, and by the South Carolina Supreme Court in <u>State v. Patterson</u>, by not informing Appellant personally in open court of his right to assistance of counsel if he chose to plead not guilty and proceed to a trial by jury.

(3) Whether Appellant was denied his Federal Constitutional rights guaranteed by the Fourteenth Amendment under the due process and equal protection clauses, therein, when Court did not comply with Rule 11 of the Federal Rules of Criminal Procedure and the mandates set forth by the United States Supreme Court in <u>Boykin v. Alabama</u>, <u>McCarthy v. U.S.</u>, and by the South Carolina Supreme Court in <u>State v. Patterson</u>, by not informing Appellant personally in open court of his right not to be compelled to incriminate himself.

(4) Whether Appellant was denied his Federal Constitutional rights guaranteed by the Fourteenth Amendment under the due process and equal protection clauses, therein, when Court did not comply with Rule 11 of the Federal Rules of Criminal Procedure, and the mandates set forth by the United States Supreme Court in <u>Boykin v. Alabama</u>, <u>McCarthy v. U.S.</u>, and by the South Carolina Supreme Court in <u>State v. Patterson</u>, by not informing Appellant in open court of his right to confront and cross-examine witnesses against him.

(5) Whether Appellant was denied his Federal Constitutional rights guaranteed by the Sixth Amendment of his right to confront and cross-examine witnesses against him and by the Fourteenth Amendment under the due process and equal protection clauses, therein, when Court did not comply with the mandates set forth by the United States Supreme Court in Boykin v. Alabama and the South Carolina Supreme Court in State v. Patterson and State v. Armstrong, by not informing Appellant personally in open court that he would be waiving his right to confront and cross-examine witnesses against him by entering an Alford v. North Carolina plea.

(6) Whether Appellant was denied his Federal Constitutional rights guaranteed by the Fifth Amendment of the right not to be compelled to incriminate himself and by the Fourteenth Amendment under the due process and equal protection clauses, therein, when Court did not comply with the mandates set forth by the United States Supreme Court in Boykin v. Alabama and the South Carolina Supreme Court in State v. Patterson and State v. Armstrong by not informing Appellant personally in open court that he would be waiving his right to not be compelled to incriminate himself by entering an Alford v. North Carolina plea.

(7) Whether Appellant was denied his Federal Constitutional rights guaranteed by the Sixth Amendment of his right to a trial by jury and by the Fourteenth Amendment under the due process and equal protection clauses, therein, when Prosecutor coersed (sic) Appellant into entering an Alford v. North Carolina plea, thus not complying with the mandates set forth by the United States Supreme Court in Brady v. United States, Santobello v. New York, and by the South Carolina Supreme Court in Thrift v. State and Clark v. State.

(8) Did Solicitor deprive Court of Subject Matter Jurisdiction circumventing Appellant's rights to due process and equal protection guaranteed by the Fourteenth Amendment of the United States Constitution.

4

The South Carolina Court of Appeals dismissed the appeal and relieved appellate counsel pursuant to Anders v. California, 386 U.S. 738 (1967), and State v. Williams, 305 S.C. 116, 406 S.E. 2d 357 (1991). See, State v. Chronister, Op. No. 2004-UP-125 (S.C. Ct. App. Filed February 26, 2004). The South Carolina Court of Appeals held "there are no directly appealable issues that are arguable on the merits" and dismissed Petitioner's direct appeal. The Court of Appeals denied Petitioner's Petition for Rehearing and remitted the case to the trial court on June 1, 2004.

Next, on January 21, 2005, Petitioner filed an application for post-conviction relief. (2005-CP-32-178) The State subsequently filed a Return on March 30, 2005. An evidentiary hearing into the matter was convened on June 27, 2006, at the Lexington County Courthouse before the Honorable Alexander Macaulay, Circuit Court Judge at which Petitioner was present and was represented by William F. Gorski, Esquire. Petitioner testified in his own behalf. Also testifying were James M. Rochelle, III, Esquire (plea counsel), F. Arnold Beacham, Esquire (the Solicitor), Karen G. Loflen (Petitioner's girlfriend), and Kathy E. Spires (Petitioner's neighbor, landlord, and manager of the convenience store). Additionally Teresa Laws, one of the victims, was present at the hearing. The PCR court had before it the Record from Petitioner's direct appeal, which included the transcripts of the proceedings against Petitioner, the records of

5

the Lexington County Clerk of Court regarding the subject convictions and the petitioner's records from the South Carolina Department of Corrections.

In his post-conviction relief application, Petitioner alleged he was being held in custody unlawfully for the following reasons:

> 1.  Involuntary guilty plea;
>
> 2.  Ineffective assistance of plea counsel in that counsel lied about the plea and parole eligibility, told the Applicant he would receive a 10-12 year sentence, did not explain the minimum sentence, and did not investigate an alibi; and
>
> 3.  Lack of subject matter jurisdiction because he did not receive a preliminary hearing or have counsel at the same time.

An order denying relief was entered October 18, 2006.

Petitioner timely appealed from the denial of his post-conviction relief action by way of Johnson Petition to the South Carolina Supreme Court filed by Robert M. Pachak of the South Carolina Office of Appellate Defense. Pachak raised one issue:

> Whether defense counsel was ineffective in advising petitioner that he wold receive a 10 to 12 year sentence if he pled guilty?

The case was transferred to the South Carolina Court of Appeals by the South Carolina Supreme Court. On May 15, 2008, the South Carolina Court of Appeals, after careful consideration of the entire record as required by Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), denied the petition for certiorari

and granted appellate counsel's request to withdraw. The Remittitur was filed June 2, 2008. Petitioner filed a Petition for Rehearing, however, he filed it after the deadline to file the same and after the Remittitur was filed. It was therefore dismissed. Petitioner then filed a pro se Motion to Alter or Amend the PCR Court's Order pursuant to Rule 59(e) on September 8, 2008. That Motion was denied by the Circuit Court on September 12, 2008, because the court was without jurisdiction.

On June 24, 2008, Petitioner filed a second application for post-conviction relief (2008-CP-32-2608) during the pendency of the first post-conviction relief action. In this PCR application, Petitioner alleged he was being held in custody unlawfully for the following reasons:

1.  "Discovery violation-exculpatory evidence."

2.  "Mental competency at time of plea and sentence."

3.  "Loss of evidence from case by state."

4.  "Malicious prosecution."

Respondent filed its Return dated September 25, 2008, and moved to dismiss the second PCR action as successive and time barred. On October 2, 2008, the Honorable R. Knox McMahon, Circuit Court Judge, entered a Conditional Order of Dismissal dismissing Petitioner's second PCR application as both successive to this prior application for post-conviction relief and for failing to comply with the filing procedures of the Uniform Post-Conviction

Procedure Act.  S.C. Code Ann. § 17-27-10, 90 (2003).  The

Petitioner was given twenty (20) days from the service of the

Conditional Order within which to respond to the court why the

Conditional Order should not become final.  Petitioner filed no

response with the court, and on December 2, 2008, Judge McMahon

entered a Final Order of Dismissal dismissing the second PCR

application as successive and time barred.  Petitioner was served

with the Final Order of Dismissal on December 18, 2008.  As of

the date of filing of this Return and Memorandum, Respondents

have not received a Notice of Intent to Appeal Judge McMahon's

Order of Dismissal.  The time period within which to timely file

a Notice of Appeal has expired.  This habeas petition was filed

on September 12, 2008.

The following documents have been made part of the record

here:

> Appendix, the Honorable Alexander S. Macaulay
>
> Pro se brief in response to Anders brief
>
> Order of the South Carolina Court of Appeals
> Dismissing the Direct Appeal
>
> Pro se Petition for Rehearing
>
> Order of the South Carolina Court of Appeals
> denying the Pro se Petitioner for Rehearing
>
> Remittitur from the Direct Appeal
>
> Johnson Petition for Writ of Certiorari to the
> South Carolina Supreme Court (1st PCR)

Order of the South Carolina Supreme Court transferring the case to the S.C. Court of Appeals

Order of the South Carolina Court of Appeals Denying the Petition for Certiorari (1st PCR)

Remittitur from PCR Appeal

<u>Pro</u> <u>se</u> Petition for Rehearing

Letter from S.C. Court of Appeals regarding late

Petition for Rehearing

Rule 59(e) Motion to Alter or Amend PCR Court's Order (Motion dated Sept. 8, 2008)

Form Order Dismissing Rule 59(e) Motion/Lack of Jurisdiction

2nd Application for PCR

Respondent's Return to 2nd PCR Application

Conditional Order of Dismissal (2nd PCR Application)

Certificate of Service of Conditional Order on Petitioner

Final Order of Dismissal (2nd PCR Application)

Certificate of Service of Final Order of Dismissal

## **HABEAS ALLEGATIONS**

Petitioner raised the following allegations in the instant petition for Writ of Habeas Corpus under 28 U.S.C. § 2254:

**Ground One:**     Invalid Plea of Involuntary Plea

*Supporting Facts:* (1) was not openly warned by court of the consequences of the plea not having any parole (transcript) and S.C. statute 16-11-330 has ambiguous wording, and does not state no parole for crime. (2) Plea was coerced by state solicitor using his position and offer to

9

intimidate and give only 15 minutes to accept the plea. (3) Rule 5-Brady violation – vital material, exculpatory documents withheld.

**Ground Two:**    Ineffective Assistance of Counsel

Supporting Facts: (1) Court appointed attorney gave erroneous advice concerning plea entry (Alford Plea) and sentence (no parole) (2) counsel failed to get plea arrangement on paper (3) Counsel failed to interview key alibi witness, did not hire an investigator, and did not secure key evidence.

**Ground Three:** Mental Competency at time of Plea and Sentencing.

Supporting Facts:  During incarceration of 16 months, was treated by licensed psychiatrist monthly, as well as seen by clinical psychiatrist. I received daily medication for mental illness. At time of plea and sentencing, was free on "Bond" and had not received medications or counseling for over 3 months.  I was also suffering from drug and alcohol withdrawals.

On February 11, 2009, the petitioner was provided a copy of the respondents' motion for summary judgment and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).  The petitioner filed an opposition to the motion on March 16, 2009.  Hence it appears consideration of the motion is appropriate.

### APPLICABLE LAW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, is applicable to this action

filed in 2008.  Title 28, United States Code, Section 2254(d) and

(e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Further, 28 U.S.C. § 2254(e)(1) states that "a determination

of a factual issue made by a State court shall be presumed to be

correct.  The applicant shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence. ...

The touchstone for a reasonable determination is 'whether the

determination is at least minimally consistent with the facts and

circumstances of the case.'"  Hennon v. Cooper, 109 F.3d 330, 335

(7th Cir.), cert. denied, 522 U.S. 819 (1997).

11

## THE HABEAS CORPUS EXHAUSTION REQUIREMENT

Relief under Section 2254 may be had only after a habeas petitioner has exhausted his state court remedies:  "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas corpus.  Claims not so raised are considered defaulted." Breard v. Green, 523 U.S. 371, 375, 118 S.Ct. 1352 (1998), citing Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497 (1977); see also, 28 U.S.C. § 2254(b).  The theory of exhaustion is based on 28 U.S.C. § 2254, which gives the federal court jurisdiction of habeas petitions.  See generally, O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, (1999). The court's exhaustion requirements under § 2254 are explained in Matthews v. Evatt, 105 F.3d 907, 910-911 (4th Cir.), cert. denied, 522 U.S. 833, 118 S.Ct. 102 (1997).  In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a defendant's state trial and sentencing, a § 2254 petitioner is required to "exhaust" all state court remedies before a federal district court can entertain his claims.  Thus, a federal habeas court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them.  The burden of proving that a claim has been exhausted lies with the

12

petitioner.  The exhaustion requirement, though not jurisdictional, is strictly enforced. (Citations omitted).

Additionally, a claim has not been exhausted unless the substance of a petitioner's claim is "fairly presented" to the state courts.  The <u>Matthews</u> court explained, "[t]he ground relied upon must be presented face-up and squarely; the federal question must be plainly defined.  Oblique references which hint that a theory may be lurking in the woodwork will not suffice.  In other words, fair presentation contemplates that both operative facts and the controlling legal principles must be presented to the state court." <u>Matthews v. Evatt</u>, 105 F.3d at 911.

In order to exhaust his collateral claims in state court, a South Carolina habeas corpus petitioner must pursue a direct appeal and/or file an application for relief under the South Carolina Post Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 - 160.  As the South Carolina Supreme Court has explained:  "[W]hen the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." <u>In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases</u>, 321 S.C. 563, 564, 471 S.E.2d 454, 454 (1990).

Petitioner here had a direct appeal as well as a full round of PCR proceedings.  Thus, he has exhausted all available

remedies in the state courts; there are no remaining state remedies which can be pursued.

## PROCEDURAL DEFAULT

When a federal habeas petitioner has failed to raise a claim at the appropriate time in state court and has no further means of bringing that issue before the state courts, the claim will be considered procedurally defaulted, and he will be procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural default of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. See, e.g., Smith v. Murray, 477 U.S. 527, 533, 106 S.Ct. 2661 (1986).

Procedural default can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Furthermore, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. A petitioner must also raise all grounds raised but denied at the PCR hearing level in his subsequent petition to the South Carolina Supreme Court for a writ of certiorari from the denial of PCR if he is to preserve them for consideration here.

## THE RELATIONSHIP BETWEEN EXHAUSTION AND PROCEDURAL DEFAULT

If a petitioner in federal court has failed to raise a claim in state court at the appropriate juncture, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed (or defaulted) his opportunity for relief in the state courts. Under these circumstances, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833, 118 S.Ct. 102 (1997), citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546 (1991); Teague v. Lane, 489 U.S. 288, 297-98, 109 S.Ct. 1060 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996). In other words, where the state court has not had the opportunity to apply its own procedural bar, the federal court will nevertheless bar the claim where application of the bar is clear. Teague v. Lane, 489 U.S. at 297-98.

## EXCUSING PROCEDURAL DEFAULT

Notwithstanding the foregoing, the requirement of exhaustion is not jurisdictional, and a federal court may consider claims which have not been presented to the highest South Carolina court with jurisdiction to hear the claim in very limited circumstances. Cranberry v. Greer, 481 U.S. 129, 131, 107 S.Ct. 1671 (1989). A federal court will review a procedurally defaulted claim if the petitioner can demonstrate cause for the

default and actual prejudice therefrom, or his actual innocence
of the crimes for which he is being held.  Coleman v. Thompson,
501 U.S. 722, 750, 111 S.Ct. 2546 (1991).  In this context,
"cause" is defined as "some objective factor external to the
defense [that] impeded counsel's efforts to comply with the
State's procedural rule."  Strickler v. Greene, 527 U.S. 263, 283
n. 24, 119 S.Ct. 1936 (1999), quoting Murray v. Carrier, 477 U.S.
478, 488 (1986).  A petitioner must show reasonable diligence in
pursuing his claim to establish cause.  Hoke v. Netherland, 92
F.3d 1350, 1354 n. 1 (4th Cir. 1996).  Moreover, the claim of
cause must itself be exhausted.  Edwards v. Carpenter, 529 U.S.
446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (failure of counsel
to present issue on direct appeal must be exhausted in collateral
proceeding as ineffective assistance to establish cause for
default).

Next, with respect to establishing "actual prejudice," a
petitioner generally must show some error.  Tucker v. Catoe, 221
F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054, 121 S.Ct.
661 (2000).  In addition, a petitioner must show an actual and
substantial disadvantage as a result of the error, not merely a
possibility of harm, to show prejudice.  Satcher v. Pruett, 126
F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a
method of excusing default.  O'Dell v. Netherland, 95 F.3d 1214,

1246 (4th Cir. 1996), aff'd, 521 U.S. 151, 117 S.Ct. 1969 (1997).
To prevail under this theory, a petitioner must produce new
evidence that was not available at trial to establish his factual
innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999).  A
petitioner may establish actual innocence as to his guilt, Id.,
or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir.
1997).  It is a habeas petitioner's burden to raise cause and
prejudice or actual innocence; if these are not raised by
petitioner, the court need not consider the defaulted claim.
Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied,
517 U.S. 1171, 116 S.Ct. 1575 (1996).

## DISCUSSION

A review of the record and relevant case law reveals that
petition should be denied.

As an initial matter, all Petitioner's grounds for relief
are exhausted in the state courts because Petitioner had a direct
appeal and he petitioned the South Carolina Supreme Court for a
writ of certiorari from the denial of his PCR.  Therefore he is
precluded from returning to state court to raise these issues.
See, S.C. Code Ann. § 17-27-45(A) (Law. Co-op 2000); S.C. Code
Ann. § 17-27-90 (Law. Co-op 1985); Al-Shabazz v. South Carolina,
338 S.C. 354, 527 S.E.2d 742, 747 (S.C. 2000); Aice v. South
Carolina, 305 S.C. 448, 409 S.E.2d 392 (S.C. 1991).

17

However, all of Petitioner's claims are procedurally barred from federal habeas review and as a result, this court cannot reach any claim on its merits.

Only Petitioner's claim that the state solicitor coerced him to plead guilty by allowing him only fifteen (15) minutes to decide whether to accept his plea agreement, thus rendering his guilty plea invalid, was presented to the highest state court with jurisdiction to hear it. Petitioner did raise that claim in his pro se brief to the South Carolina Court of Appeals in his direct appeal.

Nonetheless, Petitioner did not preserve the issue during his guilty plea thus the South Carolina Court of Appeals would not have reviewed the merits of the claim on direct appeal. The South Carolina appellate courts could not reach the question even with the filing of an Anders brief and Petitioner's own pro se brief. State v. Bickham, 381 S.C. 143, 672 S.E.2d 105 (2009)(failure to assert at the plea before trial court that Alford plea was not knowing and intelligent precludes consideration of issue on appeal), citing State v. McKinney, 278 S.C. 107, 108, 292 S.E.2d 598, 599 (1982)(same).

Since the issue was procedurally defaulted in state court, it cannot be reviewed now on habeas review. Wainwright v. Sykes, 433 U.S. 72, 87 (1977)(failure to properly preserve issue under state law results in procedural bar on habeas review); Coleman v.

18

Thompson, 501 U.S. 722 (1991)(failure to properly appeal issue to state appellate court results in procedural bar on habeas review); Murray v. Carrier, 477 U.S. 478, 488 (1986)(same).

Further, the petitioner has not alleged any sufficient cause and prejudice to excuse the default. Petitioner indicated that "it was not the petitioner's responsibility to raise or preserve these issues, but the responsibility of his appointed counsel. Any fault or failure would therefore lie with the appointed counsel, and not the petitioner." (Opp. at pg.7). Petitioner did not raise ineffective assistance of plea counsel in this regard before the appellate court following the denial of his PCR, so Petitioner's argument cannot carry the day.

Additionally, Petitioner has not presented a credible claim of actual innocence to excuse his procedural default. To the extent he argues that he is actually innocent, Petitioner's actual innocence claim is facially inadequate because Petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence of the charges of which he stands convicted. See, Schlup v. Delo, 513 U.S. 298, 324, 115 S.Ct. 851 (1995) (to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

19

evidence-that was not presented at trial"); <u>Thompson v. United States</u>, 211 F.3d 1270 (6th Cir. 2000) (Table) (text available on Westlaw) (bare allegations of actual innocence as to the charge to which the Petitioner pleaded guilty are not facially adequate to invoke exceptional review of a conviction under § 2241).  The petition should be denied.

### **CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that the respondents' summary judgment motion be granted and this matter ended.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

April 20, 2009

20

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).

21
