IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Alan Dale Chronister, #287815, ) | |
| ) | |
| Petitioner, ) | C.A. No. 2:08-3194-HMH-RSC |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| State of South Carolina; and Warden, ) | |
| McCormick Correctional Institution, ) | |
| ) | |
| Respondents. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Alan Dale Chronister ("Chronister"), a state prisoner proceeding pro se, filed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on September 22, 2008.  Respondents filed a motion for summary judgment on February 11, 2009.  In his Report and Recommendation, Magistrate Judge Carr recommends granting Respondents' motion for summary judgment.  For the reasons set forth below, the court adopts the magistrate judge's Report.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Chronister is presently confined at the McCormick Correctional Institution in the South Carolina Department of Corrections ("SCDC").  On July 24, 2002, Chronister pled guilty to two

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

counts of armed robbery and one count of possession of a firearm during the commission of a violent crime. Chronister was sentenced on October 9, 2002, to twenty years' imprisonment for each count of armed robbery and five years for the possession of a firearm charge, all to be served concurrently. Chronister was represented by James M. Rochelle, III ("Rochelle") at his plea hearing and sentencing. Chronister's appellate counsel, Robert M. Pachak ("Pachak"), filed a timely notice of appeal. Chronister also filed a pro se brief. On February 26, 2004, the South Carolina Court of Appeals dismissed Chronister's appeal and granted Pachak's petition to be relieved as counsel.

Chronister filed a pro se Post-Conviction Relief ("PCR") application on January 21, 2005, claiming (1) that his guilty plea was involuntary, (2) ineffective assistance of counsel, and (3) lack of subject matter jurisdiction. After an evidentiary hearing on June 27, 2006, an order denying relief was entered on October 18, 2006. Chronister timely appealed the denial of his PCR. The South Carolina Supreme Court transferred the case to the South Carolina Court of Appeals and on May 15, 2008, the court denied Chronister's petition for writ of certiorari and again granted Pachak's request to withdraw as counsel.

On June 24, 2008, Chronister filed a second pro se PCR application. A conditional order dismissing Chronister's second PCR application as both successive and failing to comply with the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-10 (2003), was filed on October 2, 2008.

Chronister filed the instant § 2254 petition on September 12, 2008.[2]  In his petition, Chronister raises the following grounds for relief:  (1) involuntary guilty plea[3] and (2) constitutionally ineffective assistance of counsel.  (Chronister's § 2254 Mot. 6-9.)  Respondents filed a motion for summary judgment on February 11, 2009.  The magistrate judge issued his Report and Recommendation on April 20, 2009, recommending granting the Respondent's motion for summary judgment.

## II. DISCUSSION OF THE LAW

Chronister filed objections to the Report and Recommendation on May 6, 2009.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that most of Chronister's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  However, Chronister raises two specific objections to the magistrate

---

[2] Houston v. Lack, 487 U.S. 266, 266 (1988).

[3] Chronister also raises a claim that he was unmedicated during his guilty plea and at sentencing. (Chronister's § 2254 Mot. 9.) The court construes Chronister's third ground as further factual evidence to support his assertion that his guilty plea was involuntary. To the extent that Chronister alleges that he was not mentally competent at sentencing, Chronister raises this issue for the first time in the instant § 2254. As such, Chronister's sentencing claim is procedurally defaulted and he has failed to provide any evidence to show cause or prejudice.

judge's Report: (1) the magistrate judge erred in concluding that Chronister's "issues were not properly raised and therefore procedurally defaulted" and (2) the magistrate judge erred in finding that Chronister did not "properly show, or demonstrate a cause for the default, and the prejudice that resulted." (Objections 1-2.)

Chronister argues that the magistrate judge erred in concluding that all of his claims are procedurally defaulted. This objection is without merit.

> Under the well-established doctrine of procedural default, a federal habeas court may not review a claim that a state court has found to be clearly and expressly defaulted under an independent and adequate state procedural rule unless the prisoner can demonstrate cause for the default and prejudice resulting therefrom or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice.

Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Greene, 523 U.S. 371, 375 (1998) (internal citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Chronister raised his involuntary guilty plea claim in his direct appeal which was later denied. Chronister again raised the issue in his first state PCR application which was denied on October 18, 2006. In his appeal of the PCR denial, however, Chronister failed to assert the involuntary guilty plea claim.

In addition, all of Chronister's ineffective assistance of counsel claims are procedurally defaulted. See Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) ("[F]ailure to appeal claims

disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims.")  Chronister exhausted one claim raised in his state PCR, his claim that counsel was ineffective because Rochelle told Chronister he would receive a ten- to twelve-year sentence if he were to plead guilty.  In the instant § 2254 petition, Chronister alleges, "(1) court appointed attorney [Rochelle] gave erroneous advice concerning plea entry (<u>Alford</u> Plea) and sentence (no parole) (2) counsel failed to get plea arrangement on paper (3) counsel failed to interview key alibi witness, did not hire an investigator, and did not secure key evidence."  (Chronister's § 2254 Mot. 7.)  These claims were not raised during his PCR appeal.  As a result, Chronister's involuntary plea and ineffective assistance of counsel claims are procedurally defaulted.  As such, Chronister's objection that the magistrate judge erred in determining that his claims were procedurally defaulted is without merit.

     Lastly, Chronister "objects to the magistrates [sic] report and recommendation that [Chronister] did not properly show, or demonstrate a cause for the default, and the prejudice that resulted."  (Objections 2.)   Procedural default may be excused only if Chronister "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).  "[T]he existence of cause for a procedural default . . . turn[s] on whether . . . [Chronister] can show that some objective factor external to the defense impeded . . . [his] efforts to comply with the State's procedural rule."  <u>Strickler v. Greene</u>, 527 U.S. 263, 283 n. 24 (1999).  Chronister has not provided the court with any evidence to establish cause for default or prejudice.  Accordingly, Chronister has "not established cause for the default or that a fundamental miscarriage of justice

would result by our failure to consider his claim." Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997). Based on the foregoing, the court adopts the Report and Recommendation of Magistrate Judge Carr and grants Respondents' motion for summary judgment.

It is therefore

**ORDERED** that Respondents' motion for summary judgment, docket number 21, is granted.

**IT IS SO ORDERED.**

                                                    s/Henry M. Herlong, Jr.
                                                    United States District Judge

Greenville, South Carolina
May 20, 2009

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.